# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA W. JAMES,<br>　　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION H-12-2095 |
| LIFE INSURANCE COMPANY OF NORTH<br>AMERICA AND GEICO CORPORATION<br>VOLUNTARY GROUP ACCIDENT INSURANCE<br>PLAN,<br>　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

Pending before the court is plaintiff's motion to reconsider & modify the court's order affirming & adopting the Magistrate Judge Nancy Johnson's memorandum, recommendation and order ("MRO"). Dkt. 120. The court has reviewed the motion to reconsider and modify the prior order (Dkt. 120), the responses (Dkts. 124, 132, 133, 141), the MRO (Dkt. 110), plaintiff's objections to the MRO (Dkt. 113), the court's order affirming and adopting the MRO (Dkt. 116), and the applicable law, and has determined that plaintiff's motion for reconsideration (Dkt. 120) should be **DENIED**.

The factual history of this case has been previously laid out in detail. *See* Dkt. 116 at 2–3. The recent procedural history is that the Magistrate Judge's MRO, among other things, determined that the standard of review for legal determinations in this case is *de novo*, it excluded some of plaintiff's evidence, and it determined that some of plaintiff's evidence was admissible. Dkt. 110. Plaintiff filed an appeal of the MRO, which the court construed as plaintiff's objections to the MRO. Dkt. 113. Defendants also filed objections to the MRO. Dkt. 111. This court then adopted the

MRO in full. Dkt. 116. Plaintiff subsequently filed the pending motion for reconsideration. Dkt. 120. The motion has been responded to and is ripe for discussion.

Plaintiff requests the court 1) set aside its evidentiary ruling on the scope of admissible evidence, and 2) defer ruling on any proffered evidence until the submission of this case to the Court on summary judgment or in a bench trial. Plaintiff bases her request on the fact that the court adopted the MRO's finding that the appropriate standard of review for legal determinations is *de novo*, which then permits consideration of any evidence of probative value in deciding whether the insurer's decision was correct. Dkt. 120 at 2–3. Plaintiff argues that the *Crosby* rule[1] that limits admission of evidence, and which the court applied to reject some of Plaintiff's evidence, should only be applied when a court determines that the standard of review for legal determinations is abuse of discretion, which it did not in this case. Dkt. 120 at 2.

Defendant argues that plaintiff has waived her new arguments that the Magistrate Judge erred because, under Federal Rule of Civil Procedure 72(a), plaintiff did not timely raise these arguments in her objections to the MRO. Further, even if the court considers these arguments, they would fail. Dkt. 124 at 4. Defendant asserts that the *Crosby* rule is properly applied in discovery disputes in ERISA cases reviewed under the *de novo* standard. Further, because interpretation of an insurance contract is like any other contract, the court may not consider parole evidence for the purpose of ascertaining the parties' intent unless the contract language is ambiguous. *Id.* at 5. Because the language is not ambiguous, no parole evidence is allowed.

---

[1] In *Crosby*, the court determined that admission of evidence to resolve the merits of a coverage determination was prohibited unless the evidence was in the administrative record, the evidence related to how the administrator interpreted the plan in the past, or the evidence would assist the court in understanding medical terms and procedures. *Crosby v. La. Heath Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011).

Plaintiff responds that, under *de novo* review the Supreme Court has allowed in evidence when it is clearly necessary for an adequate review. Dkt. 132 at 2. Further, the parole evidence rule is not applicable in this instance, because the documents do not vary or contradict the terms of LINA's policy. *Id.* at 6. Plus, because the court has not determined whether the contract language is ambiguous or not, it is premature to exclude evidence at this point. *Id.* at 7. Finally, because plaintiff acquired the documents on her own expense, and not through discovery, the court should consider them. *Id.* at 5–6.

Defendant's surreply disputes plaintiff's arguments, and points out that whether or not documents were collected outside the discovery process is an untimely, new argument that lacks merit, and that the evidence that plaintiff wants admitted is hearsay, unauthenticated and irrelevant. Dkt. 133 at 2.

Plaintiff responded to defendant's surreply by refuting each of the evidentiary arguments defendant makes, and to reurge her position that the court should not reject any evidence that might inform the Court on the parties' intent before the submission of this case for disposition. Dkt. 141.

Federal Rule of Civil Procedure 72(a) states that when a magistrate judge has ruled on a non-dispositive matter, a party may file objections within 14 days of being served with a copy of the ruling. FED. R. CIV. P. 72(a). However, "[a] party may not assign as error a defect in the order not timely objected to." *Id.* A district judge must consider *timely* objections, and modify or set aside parts of the order that are clearly erroneous or contrary to law. *Id.*

Plaintiff's arguments in her motion that 1) a ruling on the evidence is premature before a standard of review has been determined, and 2) that under the *de novo* standard of review plaintiff's

excluded evidence should not be excluded at this point, both were not made in her objections to the magistrate report. *See* Dkt. 113. Rule 72(a) requires that objections to the magistrate's order be submitted within 14 days of receiving the order in order to require the district judge to consider them. Therefore, plaintiff's new objections were waived, and this court will not consider them.

Even if the court were to consider these objections, it still would not find that the magistrate's order was clearly erroneous or contrary to law. Plaintiff does not present the court with any binding precedent that shows that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Even the relatively analogous cases plaintiff cites, if applied to this case, would not require a different outcome.

For example, plaintiff cites a Seventh Circuit case to support her position that the excluded evidence of past terms used in other contracts is actually admissible under *de novo* review. *Dennison v. MONY Life Ret. Income Sec. Plan for Emps.*, 710 F.3d 741 (7th Cir. 2013). In *Dennison*, the court applied *de novo* review to an ERISA contract dispute where it had to determine the meaning of a section under a benefit plan. *Dennison*, 710 F.3d. at 745. Plaintiff specifically points to the case's statement that "[w]hen the consistent performance of parties to a contract accords with one of two alternative interpretations of the contract, that is strong evidence for that interpretation." *Id.* This reasoning does not lead the court to believe the magistrate's evidentiary rulings were erroneous or contrary to law. This court approved the magistrate's finding that past determinations of foreseeability in intoxication situations was admissible, even if it did so under *Crosby*, because the evidence demonstrated the defendants' conduct as to past interpretation of plan terms, which spoke to how the administrator interpreted the plan in the past. Dkt. 116 at 6. This court also approved the magistrate's exclusion of the evidence plaintiff argue should be included, because it did not

4

speak to the past conduct of the defendants in interpreting the contract, regardless of consistency. Therefore, if the court applied the *Dennison* court's consideration of "consistent performance of parties to a contract," to this case, it likely would not compel a different result.

Plaintiff also points to a Fifth Circuit case for the proposition that "evidence that reflects how LINA 'has interpreted terms of the plan in other instances' is admissible." *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 521 (5th Cir. 2000). This case also does not lead the court to believe the magistrate's evidentiary rulings were erroneous or contrary to law. This appears to effectively be the same standard the court used to uphold the magistrate's order under *Crosby* where the court considered evidence that relates to how the administrator interpreted the plan in the past. Dkt. 116 at 5. Under *Crosby* or *Bratton*, the evidentiary ruling would very likely be the same.

Even if plaintiff had not waived her objections, this court cannot find that the magistrate's order was clearly erroneous or contrary to established law. Therefore, plaintiff's motion for reconsideration or to modify its order (Dkt. 120) is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on November 12, 2014.

Gray H. Miller
United States District Judge